UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

———————————————

In re:

SCOTT M. GOLDSTEIN,                          Case No. DL 07-04566
                                             Hon. Scott W. Dales
        Debtor.

_____/

KELLY M. HAGAN, Chapter 7 Trustee,

        Plaintiff,                     Adversary Proceeding
                                             No. 09-80264

v.

MARY JO GOLDSTEIN,

        Defendant.

_____/

## <u>OPINION AND ORDER REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>

PRESENT:    HONORABLE SCOTT W. DALES
                  United States Bankruptcy Judge

Plaintiff Kelly M. Hagan, as Chapter 7 Trustee, commenced this fraudulent conveyance proceeding against Defendant Mary Jo Goldstein, the wife of Chapter 7 Debtor Scott M. Goldstein, to avoid and recover $650,000.00 in prepetition transfers. After ample opportunity for discovery, the Trustee filed her motion for summary judgment under Rule 56 (the "Motion," DN 25), contending that there is no genuine issue as to any material fact with respect to the avoidance and recovery of $312,626.51 described in the Motion (the "Transfers"). Ms.

Goldstein filed a brief in opposition to the Motion but did not file any affidavits or other excerpts from the record.

In support of her complaint, the Trustee challenges the Transfers as constructively and actually fraudulent under both state and federal law.  In this Motion, however, she advances a constructive fraud theory only.  The parties agree regarding the elements for avoidance under applicable law and they also agree on the historical facts supporting the Trustee's claims as described in the Motion.  Ms. Goldstein, however, contends that she provided reasonably equivalent value, albeit indirectly, in exchange for the Transfers.  The court has carefully reviewed the record and the parties' arguments, and concludes that there is no genuine issue as to any material fact, and that the Trustee is entitled to judgment avoiding and recovering the Transfers under Rule 56.[1]

## JURISDICTION

The court has jurisdiction over Scott M. Goldstein's chapter 7 bankruptcy case pursuant to 28 U.S.C. § 1334(a).  That case and this adversary proceeding have been referred to the bankruptcy court under 28 U.S.C. § 157(a) and L.Civ.R. 83.2(a) (W.D. Mich.).  Because this adversary proceeding seeks to avoid prepetition transfers as fraudulent, it falls within the court's core jurisdiction under 28 U.S.C. § 157(b)(2)(H), and the court is authorized to enter final judgment.

---

[1]  It is not clear from the record whether the Trustee is abandoning her claims to the balance of the $650,000.00 in transfers described in the complaint and requesting a final judgment through this Motion, or whether she is seeking only a partial summary judgment regarding the $312,626.51 at this time.  Under Rules 54 and 58, the court typically enters a single judgment at the conclusion of an adversary proceeding.  Accordingly, the court will direct the Trustee to advise the court whether she intends to proceed with avoidance and recovery of the remaining transfers not at issue in this Motion.

<u>ANALYSIS</u>

The requirements for avoidance of a transfer as a constructive fraud on creditors are essentially the same under the Bankruptcy Code's avoidance provision and the Uniform Fraudulent Transfer Act, applicable under 11 U.S.C. § 544(b).  *Compare* 11 U.S.C. § 548(a) with M.C.L. § 566.31 *et seq.*; s*ee also Word Investments, Inc. v. Bruinsma (In re T.M.L., Inc.)*, 291 B.R. 400 (Bankr. W.D. Mich. 2003).  The applicable federal statute provides, in relevant part, as follows:

> (a)(1) The trustee may avoid any transfer . . . of an interest of the debtor in property . . . that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily --
>
> . . .
>
> (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
>
> (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation . . .

11 U.S.C. § 548(a)(1).[2]  Other than with respect to the question of reasonably equivalent value the Defendant asserts she gave in exchange for the Transfers, the Defendant concedes the accuracy of the Plaintiff's factual recitation in the Motion.  *See* Brief in Support of Defendant's Response to Plaintiff's Motion for Summary Judgment (DN 28) at p. 1 ("Defendant generally defers to and admits to the facts as presented in Plaintiff's Brief in Support as accurately

---

[2]   In this Motion, the Trustee is not proceeding on a theory of actual intent to defraud under 11 U.S.C. § 548(a)(1)(A), although the undisputed facts establish many badges of fraud from which the court might infer Mr. Goldstein's actual intent to hinder, delay, or defraud.  On a motion for summary judgment, however, the court draws inferences against the moving party. Given the record on this Motion, the court need not consider whether the Trustee is entitled to relief under 11 U.S.C. § 548(a)(1)(A), and should in any event refrain from making unnecessary pronouncements.

depicting the circumstances giving rise to this Adversarial Proceeding, without admitting to the legal conclusions drawn by Plaintiff therein.").

Therefore, it is undisputed that the Debtor had a property interest in the $312,626.51 constituting the Transfers on the date he deposited his funds into a deposit account in which the Defendant had exclusive right and control. The Transfers occurred within the statutory period (two years before the petition date under 11 U.S.C. § 548). Based upon the Debtor's schedules and his testimony that his financial situation as reflected in the schedules was substantially comparable to his financial situation at the time of the Transfers, it is not disputed that Mr. Goldstein was insolvent on the date of the Transfers. Indeed, the schedules reflect debts in an amount exceeding $8.1 million and property valued at less than $2.5 million. *See* 11 U.S.C. § 101(32)(A).

The only contested statutory element of the Trustee's cause of action is whether Ms. Goldstein gave reasonably equivalent value in exchange for the Transfers. *See* 11 U.S.C. § 548(a)(1)(B)(i). In her brief, but without support in the form of an affidavit or other evidence as contemplated in Rule 56, the Defendant's counsel explains that Ms. Goldstein suffers from mental and substance abuse problems, and was essentially a housewife who did not make a meaningful financial contribution to the marital estate. Rather, her lawyer explains that the couple's practice was to deposit funds from Mr. Goldstein's bank account into Ms. Goldstein's bank account, and that Ms. Goldstein would use the funds to pay unspecified expenses of the household. In support of her argument, Ms. Goldstein primarily relies upon a Second Circuit opinion for the proposition that a defendant in a fraudulent conveyance action may mitigate her exposure by establishing that she gave reasonably equivalent value indirectly to the Debtor, for example, by benefiting a third person. *See Rubin v. Manufacturers Hanover Trust Company*,

**Page 5 of 6**

661 F.2d 979, 991-92 (2d Cir. 1981) ("If the consideration given to the third person has ultimately landed in the debtor's hands, or if the giving of the consideration to the third person otherwise confers an economic benefit upon the debtor, then the debtor's net worth has been preserved . . ."). Although the court does not quarrel with the proposition that a defendant may establish reasonably equivalent value by proving an indirect benefit to the transferor, the court notes that a party opposing a well-supported summary judgment motion cannot "rely merely on allegations or denials in its own pleading," but instead must "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). More specifically, because the Defendant has conceded that she gave no value directly in exchange for the Transfers, it was incumbent upon her to come forward with concrete evidence in support of her indirect benefit theory. This she has failed to do. *See Official Committee v. Citicorp North America, Inc. (In re TOUSA, Inc.),* 422 B.R. 783, 866 (Bankr. S.D. Fla. 2009) ("If the plaintiff meets that burden [of proving no direct benefit to the debtors], the burden is then on defendants to produce (if they can) evidence that the debtors indirectly received sufficient, concrete value."). The court therefore finds that the Trustee has established a right to avoid the Transfers in the amount of $312,626.51 as constructively fraudulent conveyances under state and federal law. In addition, in view of the avoidance, the court also finds that the Trustee is entitled to recover the value of the Transfers from the Defendant (the initial transferee) under 11 U.S.C. § 550(a)(1). *See Taunt v. Hurtado (In re Hurtado)*, 342 F.3d 528 (6th Cir. 2003). As an initial transferee, Ms. Goldstein is strictly liable. Good faith, even if the record would support such a finding, would be immaterial. 11 U.S.C. § 550(a)(2) (limiting good faith defense to subsequent transferees).

CONCLUSION AND ORDER

As noted above, *see supra* n.1, the court is not certain whether the Trustee has abandoned her claims with respect to transfers exceeding the $312,626.51 at issue on this Motion. Accordingly, the court will simply enter this Opinion and Order granting the Trustee's Motion and indicating that the trial will go forward as previously scheduled. If, however, the Trustee has abandoned her claims regarding the balance of the $650,000.00 described in her complaint, she may file a statement to this effect within seven days after entry of this Opinion and Order, and request that the court enter judgment in the amount of $312,626.51. In that event, the court will cancel the trial.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (DN 25) is GRANTED.

IT IS FURTHER ORDERED that the parties shall appear for trial in Grand Rapids on June 3, 2010 at 9:00 a.m.

IT IS FURTHER ORDERED that if the Trustee does not wish to pursue the balance of the transfers as described in this Opinion and Order, she may file a statement to that effect within seven days after entry of this Opinion and Order whereupon the court will cancel the trial and enter judgment.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Opinion and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Kelly M. Hagan, Esq., Rachel L. Hillegonds, Esq., Lyle D. Warren, Esq., Mary Jo Goldstein, and the Office of the United States Trustee.

END OF ORDER

**IT IS SO ORDERED.**                    Scott W. Dales
United States Bankruptcy Judge          **Dated: May 14, 2010**